CHIASSON, Judge.
This is an appeal by Spencer G. Wall (Wall) from an opinion of the State Civil Service Commission (Commission) which affirmed his unsatisfactory service rating and his discharge from the Community Improvement Agency of the City of New Orleans (Agency) as a rehabilitation counselor.
Wall was given an unsatisfactory service rating by the Agency for the period ending March 31, 1977. The reasons assigned for this rating were:
“1. On January 20, 1977, you were scheduled for an inspection appointment at the residence of Mrs. Emma Smith, 2234 Valence Street and you did not keep the appointment.
“2. On January 28, 1977, you were scheduled for an inspection appointment at the residence of Mrs. Pearl Carter, 2409-11 Upperline and you did not keep the appointment.
“3. On February 18, 1977, you were scheduled for an inspection appointment at the residence of Mrs. Carrie M. Williamson, 1611 Delachaise Street and you did not keep the appointment.
“4. On February 19, 1977, you signed out of the office at 9:30 a. m. to go to the main office to review the time sheets and to 1611 Delachaise Street. You did not return to the office until 4:00 p. m.
When questioned by me about your not keeping the appointment you denied that you did not keep the ap *573 pointment. You were then ordered to produce the inspection report to prove that you kept the appointment. You produced the attached memorandum. Item I
You later changed your story as shown on the attached weekly report to going to the wrong house. Item II
“5. On February 21, 1977, you were scheduled for a 10:30 a. m. inspection at the residence of Mrs. Vera Anderson, 2521-2lV2-23-23y2 Eagle Street and you arrived at 11:40 a. m. You did not complete the inspection on this date and arranged with the property owner to return on February 23, 1977 to complete the inspection. You did not keep the appointment nor did you call the property owner to advise that you were unable to keep the appointment.
On February 24, 1977, the property owner came into the office and advised Bobby Ellsworth that you had not kept your appointment with her. You were called into Bobby Ells-worth’s office and after some discussion the appointment was rescheduled by you for Friday, February 25, 1977. After returning to your desk you came back into Bobby Ells-worth’s office and changed the appointment to Monday, February 28, 1977, at 9:30 a. m.
On Monday, February 28, 1977, Mrs. Anderson called at approximately 10:40 a. m. and advised me that you did not keep your appointment.
“6. Low Work Production
You have been assigned 23 regular inspections, and 6 section 8 inspections for the period January 5, 1977 through February 28, 1977. Your record shows 5 completions, 12 in-completions, 3 failures to keep appointments, 3 owners refused inspections.”
On April 26, 1977, Wall appealed this rating to the Commission (State Civil Service Commission, Docket No. 1671).
Wall was discharged by letter dated April 15, 1977, effective as of that date. The following reasons were given for the discharge:
“1. Unsatisfactory service rating, dated March 31,1975, which has been sustained by the Louisiana State Civil Service Commission and the Louisiana State Court of Appeal for the First Circuit.
“2. Unsatisfactory service rating, dated March 30, 1977, which was based on the following:
(a) On February 18, 1977, you were scheduled for an inspection appointment at the residence of Mrs. Carrie M. Williamson, 1611 Delachaise Street. You did not return to the office until 4:00 p. m.
When questioned by your supervisor, Jesse A. Dupart, about your not keeping the appointment you denied that you did not keep the appointment. You were then ordered to produce the inspection report to prove that you kept the appointment. You produced the attached memorandum — see attachment 1. You later stated on the attached weekly report that you went to the wrong house, thereby changing your story — see attachment 2.
(b) On February 21, 1977, you were scheduled for a 10:30 a. m. inspection at the residence of Mrs. Vera Anderson, 2521-211/2-23-231/2 Eagle Street and you arrived at 11:40 a. m. You did not complete the inspection on this date and instead agreed with Mrs. Anderson to return on February 23,1977, to complete the inspection. You did not keep the appointment nor did you call her to advise her that you were unable to keep the appointment.
On February 24,1977, Mrs. Anderson came into the office and advised Bobby L. Ellsworth that you had not kept your appointment with her. You were called into Mr. Ellsworth’s office and after some discussion the appointment was rescheduled by you for Friday, February 25, 1977. After returning to your desk you came back into Mr. Ells- *574 worth’s office and changed the appointment to Monday, February 28, 1977, at 9:30 a. m.
On Monday, February 28, 1977, Mrs. Anderson called at approximately 10:40 a. m. and advised Mr. Dupart that you did not keep your appointment.
“8. From April 13-15, 1977, you have been absent from duty without approved leave.”
On May 12, 1977, Wall appealed the discharge to the Commission (State Civil Service Commission, Docket No. 1679). The Commission consolidated the appeals and referred them to a referee for the taking of evidence. A hearing was held on November 2, 1977 and the transcript was submitted to the Commission for disposition. On April 10, 1978, the Commission found the evidence supported the disciplinary action taken and denied the appeals.
The decision of the Commission reads in pertinent part as follows:
“The Commission does not deem the unsatisfactory service rating of 1975 to be a ground for appellant’s discharge. Not only had more than two (2) years intervened since the rendition of that report, but apparently appellant had ameliorated that situation by receiving, between the 1975 and 1977 unsatisfactory reports, a satisfactory one. Nonetheless, it is appropriate for the appointing authority to make reference to this prior report as a matter of historical fact.
“With regard to the matter contained in the unsatisfactory service rating of 1977, and the derelictions of duty which are recited therein, there was ample evidence at the hearing to make proof of the facts. Appellant’s shortcomings demonstrated by these recitations were sufficient to justify the action taken by the appointing authority. Appellant’s explanation for his absence from his post of duty from April 13 through 15 was that he was ill, but he did not establish as a fact that he was not physically able to notify his superiors of this illness, nor did he establish it with satisfactory evidence.”
In reviewing the record we find that the record contains no evidence as to items 1, 2 and 6 of the unsatisfactory service rating of March 30, 1977. Therefore, the Commission erred in its holding that there was ample evidence to support these items. We find there were no findings of fact as to these items nor was any ruling made as to whether or not these three items were considered as part of the reasons for affirming the unsatisfactory service rating.
As to items 3, 4 and 5 of the unsatisfactory service rating and items 2(a) and (b) of the discharge, we find that there are no findings of fact as to these items by the Commission. The Commission’s statement that “there was ample evidence at the hearing to make proof of the facts” without identifying the facts is a conclusion on its part, and not a finding of fact as contemplated by its own rules.
The Louisiana Constitution of 1974, Article 10 § 10(A)(1) grants broad and general rule making powers to civil service commissions; and La.Const. Art. 10 § 10(A)(4) mandates that such rules shall have the effect of law.
Civil Service Rule 13.28(a) provides:
“After hearing of an appeal, the Commission shall make a written decision containing its findings of facts and conclusions, which shall be filed with the Director. The decision of the Commission shall be final on the day that it is filed with the Director.” (Emphasis supplied).
As to item number 1 of the discharge letter we affirm the Commission’s holding that the 1975 unsatisfactory service rating cannot be used as a ground for appellant’s discharge. The record reveals that between the 1975 and 1977 unsatisfactory service ratings, appellant received two satisfactory service ratings.
Item number 3 of the discharge letter requires the Agency to prove that appellant was absent from work without leave. The testimony indicates: 1) that the Agency made a prima facie case as to this item, 2) that Wall had a defense of illness [medical appointments], 3) that it was the customary procedure of the Agency for an *575 employee to call in to notify the Agency of illness, and 4) that the Agency could almost not refuse an employee time off for a medical appointment. This testimony would establish a valid excuse for appellant’s absence and would shift the burden of proof to the Agency to prove that its employees are required to return to work after a medical appointment or advise the Agency that they are not returning to work that day if they are physically able to do so.
It is incumbent on the Commission to determine from the evidence whether or not the burden of proof has been carried by the Agency. Louisiana Constitution of 1974, Article 10 § 8.
For the reasons stated above, we are of the opinion that the interest of justice would best be served by remanding the ease to the Commission for a full consideration of the legal and factual issues presented by the record and a determination of findings of fact and conclusions thereon. No new hearing is required, unless in the discretion of the Commission, it would like to hear additional evidence.
The case is therefore remanded to the Commission for further consideration in accordance with this opinion and in accordance with law. Taxing of all costs will await the final determination of the matter on the merits.
REMANDED.